

**Curtis, Mallet-Prevost, Colt & Mosle LLP**

Almaty
Astana
Beijing
Bogotá
Brussels
Buenos Aires
Dubai
Frankfurt
Geneva

Houston
London
Mexico City
Milan
Muscat
Paris
Riyadh
Rome
Washington, D.C.

101 Park Avenue
New York, New York 10178-0061

Telephone +1 212 696 6000
Facsimile +1 212 697 1559
www.curtis.com

Kevin A. Meehan
Tel: +1 212 696 6197
Fax: +1 917 368 8835
E-Mail: kmeehan@curtis.com

August 26, 2025

**VIA ECF**

The Honorable Ronnie Abrams
United States District Court
Southern District of New York
United States District Courthouse
40 Foley Square
New York, NY 10007

Re: *Atzili, et al. v. UNRWA, et al.* 25 Civ. 5677 (RA):
**Defendants' Proposal to Defer Deadlines to Respond**

Dear Judge Abrams:

Our firm has been retained by the United Nations to represent Defendants United Nations Relief and Works Agency for Palestine Refugees in the Near East ("UNRWA") and Margot Ellis in the above referenced action. Plaintiffs purport to have served Margot Ellis on August 6, 2025 with the Answer due on August 27, 2025 (ECF No. 12) and purport to have served UNRWA on August 11, 2025 with the Answer due on September 2, 2025 (ECF No. 13). No proof of service has been filed with respect to Philippe Lazzarini, Pierre Krähenbühl, Filippo Grandi, Leni Stenseth, Sandra Mitchell, and Greta Gunnarsdottir (together with UNRWA and Ms. Ellis, "Defendants").

Because Plaintiffs have purported to serve UNRWA and Ms. Ellis, we appear in this case to assert immunity on behalf of all Defendants. The Defendants are all entitled to immunity from suit under the "Convention on the Privileges and Immunities of the UN" ("CPIUN"). Defendants are also immune from all legal process, including service of process, under the CPIUN. The United Nations has not waived any immunities of any Defendant. Therefore, no effective service of process has been made, and the case should be dismissed for lack of jurisdiction.

In order to efficiently address these immunity defenses, we propose that the Court defer the deadlines for Defendants to respond to the Complaint until after a decision is rendered in an ongoing related S.D.N.Y. case that involves the same Defendants, substantially similar factual

**CURTIS**

**Curtis, Mallet-Prevost, Colt & Mosle LLP**

The Honorable Ronnie Abrams
August 26, 2025
Page 2

allegations, and identical immunity defenses: *Estate of Tamar Kedem Siman Tov, et al. v. UNRWA, et al.*, 24 Civ. 4765 (AT).[1]

In the *Tov* case, Defendants have filed a Motion to Dismiss grounded on their immunities under the CPIUN.  This motion has been fully-briefed and is awaiting a decision.  Here, Defendants intend to present the same immunity-based defenses already briefed extensively in *Tov*.  Rather than rehashing these same arguments before a new court, it would be far more efficient for the parties to first receive the *Tov* decision before advising the Court on how they intend to proceed in this case.  Thus, deferring Defendants' response would conserve judicial resources, and benefit both parties by avoiding wasteful duplication of efforts.  It would also decrease the risk of subjecting Defendants to inconsistent rulings on their immunity.

Defendants therefore respectfully propose that the Court (1) defer all deadlines for Defendants to respond to the Complaint pending the issuance of the decision on Defendants' Motion to Dismiss in *Tov*; and (2) order the parties to submit a joint status report within 14 days of the decision in *Tov*.

The undersigned counsel conferred with Plaintiffs' counsel regarding the above proposal to defer Defendants' deadlines to respond to the Complaint.  Plaintiffs' counsel responded that they needed more time to consider the proposal and should be in a position to respond to the proposal by September 5, 2025.  In the meantime, Plaintiffs agreed to defer any deadline to respond to the Complaint.

Defendants reserve all rights, defenses, privileges and immunities and waive none.  Neither this letter nor the appearance of defense counsel should be construed as a waiver of any kind.

Respectfully,
/s/ *Kevin A. Meehan*

Kevin A. Meehan

---

[1] Plaintiffs originally marked the present case as related to the *Tov* case.