UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LIAT ATZILI, ET AL., <br><br> Plaintiffs, <br> v. <br><br> UNITED NATIONS RELIEF AND WORKS AGENCY ("UNRWA"), ET AL., <br><br> Defendants. | § § § § § § § § § § § § | Civil Action No. <br> 25 Civ. 5677 (RA) |

**MEMORANDUM OF LAW IN SUPPORT OF**

**MOTION FOR ORDER AUTHORIZING ALTERNATIVE MEANS OF SERVICE**

AMINI LLC
Bijan Amini
Avery Samet
John W. Brewer
131 West 35th Street, 12th Floor
New York, New York 10001
Tel. (212) 490-4700

MM~LAW LLC
Gavriel Mairone (admitted to S.D.N.Y. Bar)
Ariel Mairone (N.Y. state bar # 4993259, pro hac vice application to be filed)
Jonathan Goldberg (pro hac vice application to be filed)
875 North Michigan Avenue, Suite 3100
Chicago, Illinois 60611
Tel. (312) 253-7444

*Attorneys for Plaintiffs*

Plaintiffs respectfully submit this Memorandum of Law in support of their motion for an order under Fed. R. Civ. P. 4(f)(3) authorizing alternative service of process on the individual defendants who have not yet been served by delivery of the summons and complaint to their New York counsel who have already appeared for them in the other action pending in this Court arising from the same underlying facts.

## PRELIMINARY STATEMENT

Plaintiffs have already served the two defendants named herein who could be located in the U.S. The remaining six defendants are all believed to presently be outside the United States. Two have them have moved without forwarding addresses, and service on the remaining four would likely be time-consuming and expensive if possible at all. However, all six of them have an agent located in the United States and in this District, namely the Curtis Mallet law firm that represents them in the related litigation that has been pending before Judge Torres, *Estate of Siman Tov et al. v. UNRWA et al.*, 24-cv-4765 (the "Siman Tov Action"). The Curtis Mallet law firm has already formally appeared in this action for the two defendants that have been served, and is clearly representing the interests of the remaining defendants with respect to this action even without a formal notice of appearance. While Curtis Mallet has advised Plaintiffs' counsel that it is not authorized by defendants to accept service, the case law under Rule 4(f)(3) makes clear that court-ordered service on a foreign defendant's U.S. lawyers in such circumstances is an acceptable alternative to the time-consuming and burdensome Hague Convention route. While the remaining defendants who have not yet been served are all currently outside the United States and thus not subject to the 90-day service period of Rule 4(m), we make this motion now so that the Court may consider it without further delay.

1

## RELEVANT FACTUAL BACKGROUND

*Current State of Service, Defendants' Retention of Counsel in Related Action, and Defendants' Position on Service*

As the Court knows, this action is brought by victims of the October 7, 2023 Hamas terror attack in Israel against UNRWA and the individual defendants (all current or former senior members UNRWA management) seeking remedies for the defendants' acts facilitating and enabling Hamas' atrocities, on a variety of liability theories including but not limited to aiding and abetting. The Siman Tov Action was brought by a separate group of victims of the same attack, based on the same alleged wrongdoing by the same defendants, but pursuing somewhat different causes of action because those plaintiffs are not U.S. citizens and the remedies available to terrorism victims in this Court vary depending on their citizenship. The Siman Tov Action was filed in 2024, and the Curtis Mallet firm has appeared for all eight of the defendants in that action. *See* Docs. Nos. 43, 44, 45, 49 in that action.[1]

This action was filed in July of this year. Promptly after filing, plaintiffs' counsel contacted Curtis Mallet and asked if they would accept service in this action, potentially subject to full reservation of their position expressed in the Siman Tov Action that the defendants were immune from having process served on them due to the Convention on the Protections and Immunities of the United Nations ("CPIUN"). Declaration of John W. Brewer submitted

---

[1] As the Court has been advised, Judge Torres last week dismissed the Siman Tov Action. Those plaintiffs respectfully disagree with her decision and will be appealing it to the Second Circuit. For present purposes, what is relevant is that Curtis Mallet remains counsel of record for these defendants in that action. For example, service of the forthcoming Notice of Appeal in that action will be made on Curtis Mallet.

We note that via pre-motion letter we sought a similar order permitting service of overseas defendants via Curtis Mallet in the Siman Tov Action. Doc. No 54 in that action. Judge Torres never ruled on that application, which is for the present time mooted by her dismissal order.

herewith ("Brewer Decl.") Doc. No. 27.  UNRWA was then served on August 11th, at its Washington, D.C. office, and defendant Margot Ellis was served on August 6th at her residence in Virginia.  Doc. Nos. 12 & 13.  Curtis Mallet subsequently appeared in this action for both of those defendants.  Doc. Nos. 14 & 15.  However, when in late July a process server attempted to serve defendant Greta Gunnarsdottir at the same East 44th Street residence in Manhattan at which she was served in the Siman Tov Action last year, he was advised by building staff that she had moved out without a forwarding address approximately three months earlier, i.e. in April.  Brewer Decl. ¶ 4 & Exh. A.

Further investigation suggested that Ms. Gunnarsdottir had ceased her employment in UNRWA's New York office in or around April of this year, the same month she moved out of her Manhattan residence.  The last reference on UNRWA's website to her conducting any public activity on UNRWA's behalf was to an event that took place at the beginning of that month, and we located an internet posting from late March soliciting applicants to replace her in her position at UNRWA.  Brewer Decl. ¶ 5 & Exhs. B & C.  We have not thus far been able to locate a new residential or business address for her, but because she is a citizen of Iceland whose immigration status in the U.S. was likely tied to the continuation of her UNRWA work, we believe it likely she is no longer in the U.S.  *Id*. ¶ 6  There can be no assurance that she has returned to Iceland, however, because Icelandic citizens have a treaty right to live and work anywhere in the European Union.  *Id*. ¶ 6.

As to the remaining defendants, plaintiffs' best current understanding is as follows:

- Mr. Lazzarini is a citizen of Switzerland with a permanent residence in Switzerland but who currently spends most of his time outside Switzerland on UNRWA business, probably in Jordan more than any other single location.

3

- Mr. Krahenbuhl is a citizen of Switzerland who currently lives and works in Switzerland.

- Mr. Grandi is a citizen of Italy who currently lives and works in Switzerland.

- Ms. Stenseth is a citizen of Norway who currently lives and works in Norway.

- Ms. Mitchell is a citizen of the U.S. married to a citizen of Australia and presently residing in Australia. Public records indicate that the last residential address in the U.S. we could connect her with was sold by her several years ago.

Brewer Decl. ¶ 7. All defendants claimed in the briefing in the Siman Tov Action (incorporated by stipulation into this action) that the CPIUN renders any service of process against them ineffective. This argument does not depend on whether they are served in person, served via the Hague Convention, or served via Curtis Mallet pursuant to an order of this Court.

**Practical Burdens of Attempting Hague Convention Service**

Three of the remaining six defendants live and work full-time in either Switzerland or Norway and a fourth maintains a permanent residence there even if he is often in other countries. Norway and Switzerland are both parties to the Hague Convention, but both insist on a cumbersome, time-consuming, and expensive process. For example, both have objected to Article 10 of the Hague Convention, and thus do not permit the streamlined approach of service via certified mail. Moreover, both appear to require full translation of the U.S. pleadings into their local languages, which is particularly pointless here where there is no dispute that the defendants are fully fluent in English. *See, e.g.*, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Norway.html and https://ch.usembassy.gov/u-s-citizen-services/local-resources-of-u-s-citizens/living-in-ch/judicial-information/service-process/. Jordan (where Mr. Lazzarini spends much of his time), by contrast, is not a party to the Hague Convention, and the State

4

Department's advice as to how to serve process there in connection with a U.S. lawsuit is limited to a recommendation to consult Jordanian counsel for assistance. https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Jordan.html   We are informed that residents or citizens of Israel (and most of the present plaintiffs are dual citizens of the U.S. and Israel) may have great difficulty retaining Jordanian counsel even in a "non-political" case, and the perceived political overtones of this case would only make that even more difficult.  Brewer Decl. ¶ 8.

As to the remaining two defendants (Ms. Mitchell and Ms. Gunnarsdottir), the addresses we have for them are out of date and Hague Convention service would not be feasible without knowing a specific new address.

In short, Hague Convention service may be achievable on some but not all of the remaining defendants, but only with a level of expense and delay that we respectfully submit is unwarranted under these specific circumstances, where New York counsel represents all defendants in the related Siman Tov Action, and all defendants almost certainly already have actual knowledge of the action via Curtis Mallet, their counsel in that action.

**ARGUMENT**

This Court has the authority to authorize alternative service on the remaining defendants via their New York counsel Curtis Mallet, and under the circumstances should use that authority here.[2]  "In many instances, courts have authorized service under Rule 4(f)(3) on an unserved

---

[2] We want to make it clear that we are not seeking via this motion any "back door" adjudication of Defendants' position that they are immune from service under the CPIUN.  That argument can be addressed and decided in the context of the fully-briefed motion to dismiss, in which we have set forth the reasons they are not protected by the CPIUN from either liability or service.  We

5

party's counsel." *In re GLG Life Tech Corp. Securities Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) (citing *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565-66 (C.D.Cal.2012), *Arista Records LLC v. Media Servs. LLC*, 2008 WL 563470, at *1-2 (S.D.N.Y. Feb. 25, 2008), *RSM Production Corp. v. Fridman*, 2007 WL 2295907, at *1-3 (S.D.N.Y.2007), and *Ehrenfeld v. Salim a Bin Mahfouz*, 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005). More recent cases emphasize the continuation of such authorization. *See United States v. Mrvic*, 652 F.Supp.3d 409, 412 (S.D.N.Y. 2023) (collecting cases and stating that "Courts in this district have generally held that service on a defendant located abroad via U.S.-based counsel is permitted under the text of Rule 4(f)(3)").

Indeed, in *GLG*, 287 F.R.D. at 267, the court authorized service on a U.S. law firm that did not formally represent the China-based individual defendant, but that had appeared in the action for the corporation of which that individual was CEO, reasoning that serving that firm "was virtually guaranteed to provide notice" to the corporation's CEO. That same rationale applies here, where service on Curtis Mallet, which is their counsel in a related action based on the same factual allegations and which has already appeared in this action for the two defendants who have been served, will likewise be "virtually guaranteed" to provide actual notice.

"There is no hierarchy among the subsections in Rule 4(f)" and thus no requirement "to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)." *Doe v. Hyassat*, 342 F.R.D. 53, 58 (S.D.N.Y. 2022) (citations and quotations omitted). *See also GLG*, 287 F.R.D. at 266 ("nothing in Rule 4(f) itself or controlling case law suggests that a court must always require a litigant to first exhaust the potential for

---

seek only authorization to serve the remaining defendants via Curtis Mallet subject to their argument that service of process on them is not effective regardless of the method used.

Case 1:25-cv-05677-RA-JW    Document 29    Filed 10/10/25    Page 8 of 9

service under the Hague Convention before granting an order permitting alternative service"); *Nemesis 2 LLC v. Paladino*, 2020 WL 13833331 *1 (S.D.N.Y. July 31, 2020) ("although Rule 4(f)(3) provides for an alternative means of service, it 'is neither a last resort nor extraordinary relief'"). Moreover, while alternative service under Rule 4(f)(3) generally should not be via a means that specifically violates the Hague Convention (if the defendant is located in a signatory country), that convention does not apply to service carried out within the United States and thus "does not prohibit service through a representative in the United States." *United States v. Mrvic*, 652 F. Supp.3d 409 at 413 (authorizing service via U.S.-based lawyers).

Defendants have separately argued in the Siman Tov Action, Doc. No. 50 in that action at 29-30, that a different treaty provision protected UNRWA against service at its rented office space in Washington, D.C., because of protections given to the "premises" of the United Nations. That argument is meritless for the reasons we briefed in that case. Doc. No. 53 at 29-30. Briefly, that separate treaty limits service of process in the UN's "Headquarters District," which includes UNRWA's New York office at 2 United Nations Plaza but does not include its Washington office in an ordinary commercial office building. But in the alternative, any such concern could be alleviated by re-serving UNRWA itself via Curtis Mallet, whose Manhattan offices are clearly not part of the Headquarters District.

In sum, authorizing such service is well within the court's authority and discretion and is appropriate here, because it will simplify and streamline this case without any prejudice to any legitimate interest of the defendants, including their right to argue that such service on their counsel is ineffective because their supposed CPIUN-based rights would render any service by any means ineffective.

7

## CONCLUSION

For the foregoing reasons, an order should be issued authorizing plaintiffs pursuant to Rule 4(f)(3) to serve the summons and complaint in this matter on the defendants c/o Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York.

Dated: New York, New York
October 10, 2025

        AMINI LLC

        By    */s/ Avery Samet*
           Bijan Amini
           Avery Samet
           John W. Brewer
        131 West 35th Street, 12th Floor
        New York, New York 10001
        Tel. (212) 490-4700
        bamini@amnillc.com
        asamet@aminillc.com
        jbrewer@aminillc.com

        MM~LAW LLC

        By    */s/ Gavriel Mairone*
           Gavriel Mairone (admitted to S.D.N.Y. Bar)
           Ariel Mairone (N.Y. state bar # 4993259,
           pro hac vice application to be filed)
           Jonathan Goldberg (pro hac vice application to be
           filed)
        875 North Michigan Avenue, Suite 3100
        Chicago, Illinois 60611
        Tel. (312) 253-7444
        ctlaw@mm-law.com
        ariel@mm-law.com
        jonathan@mm-law.com
        Docket@mm-law.com

        *Attorneys for Plaintiffs*

Of Counsel:
Mark Sunshine, Esq.
Thomas Berner, Esq.