**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------- X

LIAT ATZILI, ET AL.,

                          Plaintiffs,

                No. 25-cv-05677

        - against -

UNITED NATIONS RELIEF AND WORKS AGENCY,
PHILIPPE LAZZARINI, PIERRE
KRÄHENBÜHL, FILIPPO GRANDI, LENI STENSETH,
SANDRA MITCHELL, MARGOT ELLIS, AND GRETA
GUNNARSDOTTIR,

                          Defendants.

----------------------------------------------------------------------- X

## <u>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN ORDER AUTHORIZING ALTERNATIVE MEANS OF SERVICE</u>

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

Kevin A. Meehan
Robert Groot
Marwa Farag
101 Park Avenue
New York, New York 10178
Tel.:  (212) 696-6000
Fax:  (212) 697-1559
Email:  kmeehan@curtis.com

*Attorneys for Defendants*

Served: New York, NY
       October 24, 2025

Defendants respectfully submit this memorandum of law in opposition to Plaintiffs' Motion for an Order Authorizing Alternative Means of Service.  Dkt. No. 27.

## PRELIMINARY STATEMENT

Despite filing this action more than three months ago, Plaintiffs have made no efforts to serve Defendants located outside the United States.  Plaintiffs only filed their motion for alternative service days after the issuance of the decision in *Estate of Tamar Kedem Siman Tov, et al. v. UNRWA, et al.*, No. 24 Civ. 4765 (AT), 2025 U.S. Dist. LEXIS 194505 (S.D.N.Y. Sep. 30, 2025) ("*Siman Tov*") – a related case involving substantially identical allegations which held that all Defendants are entitled to immunity.  *Siman Tov* and Defendants' pending motion to dismiss make clear that Plaintiffs' service motion should be denied on immunity grounds.

As explained in their pending motion to dismiss, Defendants are immune from all legal process, including service of process.  *Siman Tov* is illustrative.  Similar to the Plaintiffs here, the plaintiffs in *Siman Tov* (who are represented by Plaintiffs' counsel) made no attempt to serve any Defendants located outside of the U.S., and, instead, sought leave to move for alternative service making arguments substantially identical to those in Plaintiffs' present motion.  *See Siman Tov*, Dkt. No. 54.  Defendants opposed the request and argued, *inter alia*, that Defendants are immune from service of process.  *See Siman Tov*, Dkt. No. 56.  Indeed, Defendants asserted their immunity from service of process in their motion to dismiss the *Siman Tov* case.  *See Siman Tov*, Dkt. Nos. 50, 55.  Pursuant to the Parties' stipulation, their arguments on this issue have been fully incorporated into the record in this case.  Dkt. No. 22.  Judge Analisa Torres did not grant the *Siman Tov* plaintiffs leave to file a motion for alternative service.  Instead, Judge Torres held that Defendants were entitled to immunity and dismissed the *Siman Tov* case with prejudice.  The Parties have already stipulated that the immunity issues are identical in this case.  Accordingly,

this Court should dismiss this case with prejudice and deny Plaintiffs' motion for alternative service as moot.

In any event, Plaintiffs have failed to demonstrate any reasonable basis for authorizing alternative service when they have thus far made no attempts to serve any Defendants outside the United States. All Defendants reside in signatory countries to the Hague Convention, and Plaintiffs identify no extraordinary factors preventing service on them. Plaintiffs' general complaints of minor delays and costs that would be typical of serving any foreign defendant are insufficient. Thus, while the Defendants' immunity defenses are dispositive of the service motion, Plaintiffs' request for alternative service is unfounded and should be denied.

## ARGUMENT

### I.    Defendants are Immune from Service of Process

As explained in the pending Motion to Dismiss, Defendants are all immune from legal process under the Convention on the Privileges and Immunities of the United Nations, Feb. 13, 1946, 21 U.S.T. 1422 ("CPIUN"); CPIUN, art. II, § 2 (establishing immunity of UN from all forms of legal process); CPIUN, art. V, § 18 (establishing immunity of UN officials from legal process). Defendants Lazzarini and Grandi are entitled to diplomatic immunity under the CPIUN and the Vienna Convention on Diplomatic Relations, Apr. 18, 1961, 23 U.S.T. 3227 ("VCDR"), which further prohibits service of process under the principle of inviolability. *See* CPIUN, art. V, § 19, VCDR, arts. 29, 30(1). The Second Circuit has held that this inviolability principle precludes service of process. *See Tachiona v. United States*, 386 F.3d 205, 221-22 (2d Cir. 2004); *Fallahi v. Raisolsadati*, No. 22-CV-7013, 2022 U.S. Dist. LEXIS 169895, at *3 (S.D.N.Y. Sep. 20, 2022) ("[T]he Court is compelled to, and does, deny Plaintiffs' motion for substitute service on the ground that the CPIUN and [VCDR] provide . . . immunity from legal process").

- 2 -

All of these issues were briefed at length in Defendants' motion to dismiss in *Siman Tov*, which the Parties have agreed to incorporate and rely on here. Judge Torres granted Defendants' motion to dismiss in *Siman Tov*. Judge Torres concluded that Defendants were all entitled to immunity and therefore dismissed the case with prejudice. The *Siman Tov* plaintiffs' request for leave to file a motion for alternative service was thus effectively denied as moot.

Plaintiffs do not address *Siman Tov*. While they acknowledge its holding that Defendants are immune from legal process, Plaintiffs do not discuss at all the implications of that holding in their motion for alternative service. Instead, Plaintiffs simply assert in a footnote that the Court can authorize alternative service on Defendants without first adjudicating Defendants' asserted immunity defenses. Dkt. No. 29 at 5 fn.2. Plaintiffs offer no support for their argument that a court can order service in violation of the United States' treaty obligations under the CPIUN and VCDR. Nor could they, Furthermore, immunity under the CPIUN is not an affirmative defense on liability. It is immunity from the subject matter jurisdiction of U.S. courts. *See Georges v. UN*, 834 F.3d 88, 98 (2d Cir. 2016); *see also Siman Tov*, 2025 U.S. Dist. LEXIS 194505 at *40. Accordingly, Plaintiffs cannot obtain an order authorizing service on Defendants unless and until this Court determines that Judge Torres wrongly decided *Siman Tov* and that Plaintiffs have met their burden of rebutting the immunity granted to Defendants under the CPIUN and VCDR.

## II.    Plaintiffs Have Failed to Make Reasonable Efforts to Complete Service

Aside from Defendants' immunities, Plaintiffs' motion should be denied because it fails to demonstrate any basis for alternative service. Even assuming *arguendo* that Plaintiffs somehow carry their burden of abrogating Defendants' immunities, that would not absolve Plaintiffs of their obligation to properly serve Defendants. *See Waldman v. PLO*, 835 F.3d 317, 327 (2d Cir. 2016).

- 3 -

Rather, Plaintiffs would still need to effect proper service as they would in any case involving a private individual.

Courts generally impose "two threshold requirements before authorizing alternative service under Rule 4(f)(3): (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Ultra Int'l Music Publ'g, LCC v. Sony Music Entm't.*, 24-CV-9149, 2025 U.S. Dist. LEXIS 37927 at *6 (S.D.N.Y. March 3, 2025); *Asia Mar. Pac. Chartering Ltd. v. Comercializadora Columbia S.A. de C.V.*, No. 22-CV-10789, 2023 U.S. Dist. LEXIS 11529 (S.D.N.Y. Jan. 23, 2023). These requirements are "necessary to prevent parties from whimsically seeking alternate means of service and thereby increasing the workload of the courts." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (citation omitted).

When a defendant resides in a country that is a signatory to the Hague Convention, courts typically allow alternative service under Section 4(f)(3) only "when plaintiffs have been unable, despite diligent efforts, to serve the defendant in the foreign country according to the Hague Convention procedures." *Peifa Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655, 2020 U.S. Dist. LEXIS 55452, at *39-40 (S.D.N.Y. Mar. 30, 2020). Consequently, courts "routinely reject applications for alternative service where no attempt at service through the Hague Convention or other conventional means has been made." *Ultra Int'l*, 2025 U.S. Dist LEXIS 37927 at *10-*11 (collecting cases); *Peifa Xu*, 2020 U.S. Dist. LEXIS 55452 at *38-*39 ("plaintiffs must at least attempt service in the proper jurisdiction before asking the Court to provide an alternative to the Hague Convention."); *SEC v. Cluff*, No. 17-CV-2460, 2018 U.S. Dist. LEXIS 20316, at *5-6 (S.D.N.Y. Jan. 10, 2018) (denying motion where "plaintiff failed to establish that it attempted

- 4 -

reasonably to effectuate service" on defendant "before making this motion"); *14-16; *Devi v. Rajapaska*, No. 11 Civ. 6634, 2012 U.S. Dist. LEXIS 12382, at *3-5 (S.D.N.Y. Jan. 31, 2012) (denying motion where "plaintiff does not suggest that he has actually carried out an attempt to serve defendant"). Even when a defendant resides in a country that is not a signatory to the Hague Convention, courts still require a showing of reasonable efforts before authorizing alternative service. *Agrana Fruit U.S., Inc. v. Ingredientrade Inc.*, 23 Civ. 10147, 2024 U.S. Dist. LEXIS 33787 at *6-*8 (S.D.N.Y. Feb. 26, 2024) ("the fact that Thailand is not a signatory to the Hague Convention is not a sufficient justification for alternative service where, as here, no other attempt at service has been made").

Here, Plaintiffs have failed to demonstrate *any* effort, let alone a reasonable effort, to serve Defendants outside the United States. Despite filing this action more than three months ago, Plaintiffs have not even attempted to serve any of these Defendants.[1] Instead, Plaintiffs merely assert that they "promptly" requested Curtis to accept service in this action, (Dkt. No. 29 at 2), but that does not constitute an attempt at service. *See Ultra Int'l*, 2025 U.S. Dist LEXIS 37927 at *18 (rejecting argument that asking counsel to accept service constituted "reasonable" or "diligent" efforts, and noting that defendants had "no obligation to waive service of process").[2]

Plaintiffs complain that Hague Convention service would supposedly cause "delay" because certain Defendants reside in countries that have objected to service by postal channels under Article 10 of the Hague Convention, and because it would require Plaintiffs to identify the addresses of certain Defendants and translate the pleadings. Dkt. No. 29 at 4-5. But simply

---

[1] Plaintiffs claim only to have attempted to serve Ms. Gunnarsdottir at her former Manhattan address. They do not claim to have attempted to serve her (or any Defendant) abroad.

[2] There is likewise no evidence that Plaintiffs' counsel have made any attempt to serve the foreign Defendants in *Siman Tov* – a case that was filed well over a year ago.

asserting the difficulties of overseas service without evidence or attempts at service is insufficient grounds for alternative service. See *Ultra Int'l*, 2025 U.S. Dist LEXIS 37927 at *14 ("courts have consistently held that "allegations of delay and expense are "not a sufficient justification for alternative service," and unsupported estimates of delays up to a year, and $3,000 in costs of translation into multiple languages were not sufficient); *Asia Mar. Pac.*, 2023 U.S. Dist. LEXIS at *3-*4 (Mexico's objection to Article 10 did not warrant alternative service absent diligent efforts to serve defendant); *SEC v. China Ne. Petroleum Holdings Ltd.*, 27 F. Supp. 3d 379, 398 (S.D.N.Y. 2014) (lack of diligent efforts when plaintiff had attempted to serve defendant at an old address and had not "conducted a meaningful investigation to ascertain [her] whereabouts"); *Baliga v. Link Motion Inc.*, 385 F. Supp. 3d 212, 220 (S.D.N.Y. 2019) (lack of reasonable efforts where plaintiff had not "attempted to obtain the defendant's residential address" or demonstrated difficulty or delay of service in China); *Cluff*, 2018 U.S. Dist. LEXIS 20316, at *15 ("the mere assertion of delay in service, without any evidence supporting it, is not sufficient"); *Madu, Edozie & Madu, P.C.*, 265 F.R.D. at 116 (blanket statements about the difficulty of overseas service of process without discussing methods used to attempt service did not show reasonable efforts).

The existence of immunity defenses in this case weighs further against alternative service and in favor of requiring a higher level of effort to complete ordinary service under the Hague Convention. Based on these defenses, and the important immunity and foreign policy concerns they raise, this court has previously denied requests for alternative service. See *Devi*, 2012 U.S. Dist. LEXIS 12382, at *4-5.

Even assuming that serving Defendants through traditional means would take time, Plaintiffs' professed "desire to move quickly is not a basis to circumvent procedural rules." *Asia Mar. Pac.*, 2023 U.S. Dist. LEXIS at *4 (citing *Baliga*, 385 F. Supp. 2d at 220). Moreover, if

speed were truly a concern for Plaintiffs, they do not explain why they failed to commence efforts to serve Defendants promptly after filing the Complaint, rather than delaying more than three months before filing this motion in lieu of attempting actual service. *Ultra Int'l*, 2025 U.S. Dist. LEXIS 37927 at *17 (noting that "concern about delay rings somewhat hollow" given that plaintiffs "did not move for alternative service until nearly two months after filing suit" and "have taken no steps to initiate process under the Hague Convention)."

The decisions that Plaintiffs cite undercut their request because those courts permitted alternative service only after the plaintiffs had actually made efforts to complete ordinary service. *See In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 264 (S.D.N.Y. 2012) (permitting alternative service only after multiple attempts at service); *Ehrenfeld v. Mahfouz*, No. 04 Civ. 9641, 2005 U.S. Dist. LEXIS 4741, at *5 (S.D.N.Y. Mar. 23, 2005) (permitting alternative service where plaintiff hired a firm specializing in international service of process to assist in serving a defendant in Saudi Arabia); *Doe v. Hyassat*, 342 F.R.D. 53, 59 (S.D.N.Y. 2022) (permitting alternative service where plaintiff hired a process server to attempt service at four different addresses and attempted service through Facebook and email); *United States v. Mrvic*, 652 F. Supp. 3d 409, 415 (S.D.N.Y. 2023) (finding reasonable efforts where the plaintiff attempted to serve the defendant's last known address in Serbia, coordinated with the Serbian Ministry of Justice, and conducted internet searches); *Arista Records LLC v. Media Servs. LLC*, No. 06 Civ. 15319, 2008 U.S. Dist. LEXIS 16485, at *6-8 (S.D.N.Y. Feb. 25, 2008) (permitting alternative service of process based on evidence that the signatory country refused to accept any service originating from the U.S.); *Nemesis 2 LLC v. Paladino*, No. 19-CV-3373, 2020 U.S. Dist. LEXIS 271362 (S.D.N.Y. July 31, 2020) (granting alternative service by email of post-judgment discovery requests only after defendant had been properly served with process under the Hague Convention, had communicated

with the court and plaintiffs via email concerning the litigation, and had unnecessarily delayed the proceedings); *see also Asia Mar. Pac.*, 2023 U.S. Dist. LEXIS at *3-*4 ("When courts have allowed for alternative service, they have done so when plaintiffs have been unable, despite diligent efforts, to serve the defendant in the foreign country according to the Hague Convention procedures.").  By contrast, Plaintiffs here have done nothing at all.

## **CONCLUSION**

For the above reasons, Defendants respectfully request that the Court either deny Plaintiffs' Motion for an Order Authorizing Alternative Service of Process, or render it moot by dismissing this case with prejudice.  Defendants reserve all rights, defenses, privileges and immunities and waive none.


Dated: New York, New York
       October 24, 2025

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By:  */s/ Kevin A. Meehan*
Kevin A. Meehan
Robert Groot
Marwa Farag
101 Park Avenue
New York, New York 10178
Tel.:  (212) 696-6000
Fax:  (212) 697-1559
Email: kmeehan@curtis.com

*Attorneys for Defendants*

## CERTIFICATE OF WORD COUNT

Pursuant to Local Civil Rule 7.1(c) of the Rules of this District and Rule 4(A) of the Rules of this Court, I hereby certify that the accompanying Opposition to Plaintiffs' Motion for an Order Authorizing Alternative Means of Service contains 2,367 words, excluding the parts of the document that are exempted by Rule 7.1(c). This certificate was prepared in reliance on the word-count function of Microsoft Word.

Dated: New York, New York
      October 24, 2025

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By:  */s/ Kevin A. Meehan*
Kevin A. Meehan
101 Park Avenue
New York, New York 10178
Tel.:  (212) 696-6000
Fax:  (212) 697-1559
Email: kmeehan@curtis.com

*Attorney for Defendants*