UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LIAT ATZILI, ET AL.,<br><br>      Plaintiffs,<br><br>  v.<br><br>UNITED NATIONS RELIEF AND WORKS AGENCY ("UNRWA"), ET AL.,<br><br>      Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br>25 Civ. 5677 (RA) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION FOR ORDER AUTHORIZING ALTERNATIVE MEANS OF SERVICE**

AMINI LLC
Bijan Amini
Avery Samet
John W. Brewer
131 West 35th Street, 12th Floor
New York, New York 10001
Tel. (212) 490-4700

MM~LAW LLC
Gavriel Mairone (admitted to S.D.N.Y. Bar)
Ariel Mairone (N.Y. state bar # 4993259, pro hac vice application to be filed)
Jonathan Goldberg (pro hac vice application to be filed)
875 North Michigan Avenue, Suite 3100
Chicago, Illinois 60611
Tel. (312) 253-7444

*Attorneys for Plaintiff*

Plaintiffs respectfully submit this Reply Memorandum of Law in further support of their motion for an order under Fed. R. Civ. P. 4(f)(3) authorizing alternative service of process on the individual defendants who have not yet been served by delivery of the summons and complaint to their New York counsel, the Curtis Mallet law firm.

## ARGUMENT

### I. DEFENDANTS DO NOT DISPUTE ANY OF THE FACTS ON WHICH PLAINTIFFS RELY FOR THE RELIEF THAT IS SOUGHT

Defendants' memorandum in opposition to the motion (Doc. No. 33, the "Def. Mem.") does not controvert any of the factual statements in our memorandum in support of the motion (Doc. No. 29, the "Opening Mem.").[1] Curtis Mallet does not dispute that it represents each of the unserved defendants with respect to this specific action as well as in the factually-related Siman Tov Action, and there can be no doubt that all six of the unserved defendants already have actual knowledge of this action.[2]

Separately, Defendants do not dispute:

- That Defendant Gunnarsdottir moved out of the United States earlier this year and may currently be living virtually anywhere in Europe. Opening Mem. at 3.

- That Defendant Mitchell likewise no longer lives in the United States. Opening Mem. at 4.

---

[1] All defined terms are used herein with the same meanings given in the Opening Mem. unless otherwise specified.

[2] *See* Doc No. 21 (Notice of Motion to Dismiss stating that Curtis Mallet was filing that motion in this action on behalf of all defendants including those that had not been served and for whom it had not previously appeared in this action).

1

- That Defendant Lazzarini spends more of his time in Jordan than any other single location, that Jordan is not a signatory to the Hague Convention and has no standard process for effecting service of process for a U.S. lawsuit, and that it would be difficult-to-impossible to secure Jordanian counsel to advise on service given that the plaintiffs in this action are primarily dual citizens of the U.S. and Israel. Opening Mem. at 3-5.

- That attempting Hague Convention service on the remaining three defendants (Krahenbuhl, Grandi, and Stenseth) would be expensive and time-consuming given the rejection by their current nations of residence (Norway and Switzerland) of the more streamlined options for Hague Convention service that many other nations permit. Opening Mem. at 4.

- That shortly after this action was filed, plaintiffs proposed that Curtis Mallet accept service on the defendants' behalf with a full reservation of rights as to their alleged immunity from service, but defendants rejected this proposal. Opening Mem. at 2; Brewer Decl. ¶2.

Defendants have not offered to confirm what country Ms. Gunnarsdottir is currently located in, much less offered to provide an address for her, nor have they either confirmed or denied our understanding that Ms. Mitchell is currently living in Australia or offered to provide an address for her. They do not dispute that, even in a Hague Convention signatory country, Hague Convention service would be impossible without a current address. Opening Mem. at 5.

II. **THE COURT MAY ADDRESS THIS MOTION EITHER BEFORE OR AFTER THE DEFENDANTS' MOTION TO DISMISS, AS IT SEES FIT**

Defendants point out that if their motion to dismiss is granted, this motion would be moot. Their motion to dismiss should be denied for all the reasons already briefed, including in

2

yesterday's supplemental submission (Doc. No. 34), but plaintiffs are happy for the Court to address the two pending motions in whichever order it prefers. We filed it when we did so that both motions would be completely briefed and the Court would thus have the option to take them in either order. If the Court grants this motion first, we are happy for that ruling to be explicitly without prejudice to the defendants' argument that due to their alleged immunity under the CPIUN no service, including that so authorized, would be legally effective. As already expressly stated (Opening Mem. at 5 n.2), we are not seeking any "back door" adjudication of that issue via this motion.

### III.    THE MOTION IS MERITORIOUS

An individual defendant located in a foreign country can be served by any "other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "Courts in this district have generally held that service on a defendant located abroad via U.S.-based counsel is permitted under the text of Rule 4(f)(3)." *United States v. Mrvic*, 652 F.Supp.3d 409, 412 (S.D.N.Y. 2023) (collecting cases and authorizing such service). There can be no doubt that the form of service requested here – on the New York law firm retained by the unserved defendants that has now responded to this motion on their behalf after affirmatively filing a motion to dismiss on their behalf – will provide them with actual notice of the action. Indeed, they already have such actual notice. Defendants' opposition, based entirely on the claim that the motion is premature because plaintiffs should be required to try and fail at serving them by other means, is based on nothing more than a desire for delay and a desire to impose additional costs and burdens on plaintiffs, just like their summary rejection of the proposal that counsel accept service consensually with a full reservation of rights on immunity.

3

First of all, as to three of the six unserved defendants, defendants do not even articulate what additional hoops plaintiffs should be required by this Court to jump through to make this motion ripe. They do not suggest that our unsuccessful attempts to date to locate a current address for Gunnarsdottir or Mitchell (both of whom formerly resided in the U.S. at addresses our investigation did uncover, and who in the case of Gunnarsdottir had apparently moved out of the country only a few months before this action was filed and our process server attempted service an the out-of-date Manhattan address) were inadequate and that some reasonable step not yet taken would be likely to bear fruit. Nor do they point to any untaken steps that would be likely under the circumstances to result in successful service on Lazzarini in Jordan.[3]

With respect to the remaining defendants, this Court has held, "although Rule 4(f)(3) provides for an alternative means of service, it is neither a last resort nor extraordinary relief." *Nemesis 2 LLC v. Paladino*, 2020 WL 13833331 at *1 (S.D.N.Y. July 31, 2020) (authorizing service by email on litigant in Switzerland due to likely delays in Hague Convention process even though that process had not been tried and failed).[4] And while the plaintiff in *Doe v. Hyassat*, 342 F.R.D. 53, 58 (S.D.N.Y. 2022) had made unsuccessful attempts at personal service on the defendant in New York before learning that he had relocated to Austria, there was no suggestion that Hague Convention service in Austria had been tried but failed, and the decision

---

[3] They do not address our alternative request to re-serve UNRWA itself c/o Curtis Mallet. Opening Mem. at 7. Either they do not object to that request or they have abandoned their meritless argument that service on UNRWA at its Washington, D.C. office (manifestly outside the UN's New York "Headquarters District" where service of process is generally restricted) was improper.

[4] Defendants assert that different papers in that litigation had previously been served on that Swiss party via the Hague Convention process, Def. Mem. at 7, but that is not clear from the opinion (although we have not reviewed the full underlying docket in the case). In any event, that was not recited as a prerequisite for the relief granted.

expressly recites (at 58, citation and quotation omitted) that there "is no requirement to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3). Significantly, the court there had rejected a proposal (*id*. at 59) to serve process on a New York lawyer because the record was ambiguous and uncertain whether that lawyer was indeed representing the defendant in connection with the incident giving rise to the claim, which is not a problem here. In *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262 (S.D.N.Y. 2012), the only prior attempt to serve the relevant defendant (Zhang, the CEO of the corporate defendant) had been an attempt to serve him at an office in Canada, only to be told that he was in China. No attempt to make service in China was made after an initial inquiry indicated that it would be time-consuming and expensive.[5] The defendants cite *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010), which holds that a district court "may" require a showing of previous unsuccessful efforts at service on a foreign defendant before authorizing alternative service under Rule 4(f)(3), while acknowledging that no such requirement is found in the text of the rule. There is no doubt that it might be a legitimate exercise of the district court's discretion in a given case to do so. But there is no reason other than delay for delay's sake to do so here, given the circumstances of this case and the fact that, unlike notification via email or social media or even less-reliable methods,[6] there can be no

---

[5] Significantly, the corporation's counsel first refused to provide Zhang's address in China but then offered a purported address when opposing the motion for service on the U.S. lawyer, but the court found that offer insufficient to deny the motion. Here, counsel has not even belatedly volunteered current overseas addresses for Gunnarsdottir and Mitchell.

[6] For example, *Devi v. Rajapaska*, 2012 WL 309605 (S.D.N.Y. Jan. 31, 2012), cited by defendants, said that an unsuccessful attempt at Hague Convention service would be necessary before the court would consider authorizing service by publication notice. *In SEC v. China Ne. Petroleum Holdings Ltd.*, 27 F Supp.3d 379 (S.D.N.Y.), the court rejected proposed means such as service on a daughter-in-law who had not been shown to be in current communication with

5

conceivable doubt of the adequacy of notice via service on Curtis Mallet. And, again, defendants have made no showing of what steps that have not been taken could be taken with respect to Gunnarsdottir, Mitchell and Lazzarini that would be likely to be successful.[7]

## CONCLUSION

For the foregoing reasons as well as those set forth in the Opening Mem., an order should be issued authorizing plaintiffs pursuant to Rule 4(f)(3) to serve the summons and complaint in this matter on the defendants c/o Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York.

Dated: New York, New York
October 31, 2025

AMINI LLC

By ____/s/ Avery Samet_____
    Bijan Amini
    Avery Samet
    John W. Brewer
131 West 35th Street, 12th Floor
New York, New York 10001
Tel. (212) 490-4700
bamini@amnillc.com
asamet@aminillc.com
jbrewer@aminillc.com

MM~Law LLC

By ____/s/ Gavriel Mairone_____
    Gavriel Mairone (admitted to S.D.N.Y. Bar)

---

her mother-in-law who was a defendant. The other cases defendants cite each stand on their own facts and circumstances, combined with each judge's range of discretion.

[7] To be clear, with respect to the remaining three, plaintiffs are not asserting that Hague Convention service would be impossible (although there remains a risk of obstacles beyond cost and delay), only that the cost and burden of attempting it is not justified under the circumstances given the alternative of service on their counsel Curtis Mallet.

6

                                                  Ariel Mairone (N.Y. state bar # 4993259,
pro hac vice application to be filed)
Jonathan Goldberg (pro hac vice application to be filed)
875 North Michigan Avenue, Suite 3100
Chicago, Illinois 60611
Tel. (312) 253-7444

*Attorneys for Plaintiffs*

Of Counsel:
Mark Sunshine, Esq.
Thomas Berner, Esq.