**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ X
  :
LIAT ATZILI, ET AL., :
  :
                                        Plaintiffs, :
  :
  :
                      - against - : No. 25-cv-05677 (RA)
  :
  :
UNITED NATIONS RELIEF AND WORKS AGENCY, :
PHILIPPE LAZZARINI, PIERRE KRÄHENBÜHL, :
FILIPPO GRANDI, LENI STENSETH, :
SANDRA MITCHELL, MARGOT ELLIS, AND :
GRETA GUNNARSDOTTIR, :
  :
                                       Defendants. :
  :
------------------------------------------------------------------------ X

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM**

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

Kevin A. Meehan
Robert Groot
Marwa Farag
101 Park Avenue
Served: New York, NY            New York, New York 10178
      November 17, 2025       Tel.:   (212) 696-6000
                                          Fax:   (212) 697-1559
                                          Email: kmeehan@curtis.com

*Attorneys for Defendants*

Defendants submit this memorandum in response to Plaintiffs' Supplemental Memorandum of Law in Opposition to Defendants' Motion to Dismiss (Dkt. No. 34) addressing *Est. of Siman Tov v. United Nations Relief & Works Agency* ("*Siman Tov*"), No. 24 Civ. 4765 (AT), 2025 U.S. Dist. LEXIS 194505 (S.D.N.Y. Sep. 30, 2025).[1]

## PRELIMINARY STATEMENT

Plaintiffs stipulated that the immunity issues in *Siman Tov* are identical to those in this case and agreed to rely on and incorporate the extensive briefing on immunity submitted in *Siman Tov*. Dkt. No. 22. Plaintiffs now seek to elide the stipulation and ask this Court to ignore *Siman Tov*, which dismissed all claims with prejudice for lack of subject matter jurisdiction because Defendants are immune under the CPIUN. Plaintiffs do not identify any error in Judge Analisa Torres' meticulous 28-page decision. Nor could they. *Siman Tov* is simply the latest in a long unbroken chain of cases dismissing claims against the UN, its subsidiary organs, and its officers on immunity grounds under the CPIUN. Plaintiffs offer no basis to break with precedent.

Plaintiffs state that they merely "disagree" with *Siman Tov* based on the same unsupported arguments that were thoroughly addressed in 13 briefs submitted on the immunity issue in *Siman Tov*. Judge Torres carefully considered and rejected each of those arguments and held that (1) subsidiary organs are entitled to immunity under the CPIUN; (2) UNRWA is a subsidiary organ entitled to immunity under the CPIUN; (3) there is no *jus cogens* exception to immunity under the CPIUN; and (4) the Individual Defendants are entitled to immunity. Plaintiffs do not cite any authority that conflicts with *Siman Tov*. They ignore the overwhelming case law, including

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in Defendants' briefs submitted in *Siman Tov* and submissions on the docket in that case are referred to herein as "*Siman Tov*, Dkt. No. __."

binding Second Circuit precedent, that confirms that Defendants are entitled to immunity under the CPIUN and that all claims against them must be dismissed with prejudice.

## ARGUMENT

### I. Plaintiffs Bear the Burden of Establishing Subject Matter Jurisdiction

Plaintiffs' assertion that UNRWA must make a "prima facie showing" that it qualifies for immunity, Dkt. No. 34 at 4, was extensively briefed and rejected in *Siman Tov*. *See* 2025 U.S. Dist. LEXIS 194505, at \*14, \*34-35. Plaintiffs merely "disagree" with that holding in *Siman Tov*.

*Siman Tov* is consistent with the Second Circuit's holding in *Broidy Capital Mgmt. LLC v. Benomar*, which expressly rejected the assertion that a defendant must present prima facie evidence to establish treaty-based immunity. *See* 944 F.3d 436, 443-44 (2d Cir. 2019). It is also consistent with the uniform case law holding that the plaintiff has the burden of abrogating immunity under the CPIUN. *See Georges v. UN*, 84 F. Supp. 3d 246, 248 (S.D.N.Y. 2015), *aff'd*, 834 F.3d 88 (2d Cir. 2016); *Laventure v. UN*, 279 F. Supp. 3d 394, 398 (E.D.N.Y. 2017), *aff'd*, 746 F. App'x 80 (2d Cir. 2018); *Sadikoğlu v. UN Dev. Programme*, No. 11 Civ. 0294 (PKC), 2011 U.S. Dist. LEXIS 120205, at \*6 (S.D.N.Y. Oct. 14, 2011).

Plaintiffs do not address any of this overwhelming case law. Nor do they cite any authority to the contrary. Instead, Plaintiffs attempt to distinguish a single case, *Brzak v. UN*, 597 F.3d 107 (2d Cir. 2010), by misleadingly asserting that there was no need for the defendant to make a prima facie showing of immunity because the defendant was "literally the UN itself." Dkt. No. 34 at 4. However, the defendants in *Brzak* also included officials of the UNHCR, which, like UNRWA, is a subsidiary organ established by the General Assembly. *See Brzak*, 551 F. Supp. 2d at 320. The district court dismissed these defendants without requiring any prima facie showing of CPIUN

immunity, finding it "dispositive" that the Secretary-General determined they were "immune from suit." *Id.* The Second Circuit affirmed. *Brzak*, 597 F.3d at 113.

## II. UNRWA Is Entitled to Immunity Under the CPIUN

### A. Subsidiary Organs of the UN are Entitled to Immunity

Plaintiffs "disagree" with the holding in *Siman Tov* that the UN's subsidiary organs and their officials are entitled to immunity under the CPIUN. Plaintiffs identify no error in this holding. They do not cite a single authority contrary to *Siman Tov*. Instead, Plaintiffs simply reiterate the same unsupported arguments rejected in *Siman Tov*.

*Siman Tov* is merely the latest in a long, unbroken chain of cases – including binding Second Circuit decisions – that have consistently dismissed claims against the UN's subsidiary organs and their officials on grounds of CPIUN immunity. *See Georges*, 834 F.3d at 90; *Brzak*, 597 F.3d at 113; *see also Laventure*, 279 F. Supp. 3d at 400 ("As a UN subsidiary, MINUSTAH enjoys the same privileges and immunities as the UN under the CPIUN"); *Lempert v. Rice*, 956 F. Supp. 2d 17, 24 (D.D.C. 2013), *aff'd*, 618 F. App'x 3 (D.C. Cir. 2015) ("as a subsidiary program of the UN that reports directly to the General Assembly, the UNDP also enjoys immunity under the Convention"); *Sadikoğlu*, 2011 U.S. Dist. LEXIS 120205, at *9 ("UNDP – as a subsidiary program of the UN" is immune from suit under the CPIUN); *Bisson v. UN*, No. 06 Civ. 6352 (PAC) (AJP), 2007 U.S. Dist. LEXIS 54334, at *18, 25 (S.D.N.Y. July 27, 2007) (WFP as a "subsidiary organ" of the UN is immune under the CPIUN). Furthermore, the International Court of Justice ("ICJ") recently confirmed that UNRWA, as a subsidiary organ of the UN, is entitled to immunity under the CPIUN. *Obligations of Israel in relation to the Presence and Activities of the*

*United Nations, Other International Organizations and Third States in and in relation to the Occupied Palestinian Territory*, Advisory Opinion, 2025 I.C.J. 6 (Oct. 22) ("*UNRWA Opinion*").[2]

Plaintiffs largely ignore this overwhelming authority. In a footnote, Plaintiffs assert that *Georges* assumed without deciding that subsidiary organs are entitled to immunity under the CPIUN. Dkt. No. 34 at 4 n. 3. However, this Court expressly stated in *Georges* that "MINUSTAH, as a subsidiary body of the UN, is also immune from suit." 84 F. Supp. 3d at 249. The Second Circuit affirmed, and, in doing so, explained that immunity under the CPIUN is a matter of subject matter jurisdiction. *See Georges*, 834 F.3d at 98. Courts have an independent obligation to determine their subject matter jurisdiction regardless of any arguments asserted by the parties. *Poindexter v. Nash*, 333 F.3d 372, 383 (2d Cir. 2003). Plaintiffs cannot argue that this Court and the Second Circuit have repeatedly abdicated their responsibility to determine their subject matter jurisdiction in *Georges* and the many other cases cited above.

Plaintiffs' arguments are refuted by the legal structure governing the UN and its subsidiary organs. Section 2 of the CPIUN grants immunity to the "United Nations." While Plaintiffs contend that Section 2 does not expressly reference subsidiary organs, Dkt. No. 34 at 3, Article 7 of the UN Charter states that the UN encompasses both "principal organs" and "subsidiary organs." Thus, there was no need to separately grant immunity to these organs as if they were somehow distinct from the UN. Plaintiffs' contrary interpretation would render Section 2 meaningless as that provision does not explicitly reference principal organs.

Plaintiffs largely ignore Section 2 of the CPIUN and Article 7 of the UN Charter. Instead, Plaintiffs focus on *Siman Tov*'s citation to Section 11 of the CPIUN, which confers immunity on "Representatives of Members to the principal and subsidiary organs of the United Nations." Dkt.

---

[2] https://www.icj-cij.org/sites/default/files/case-related/196/196-20251022-adv-01-00-en.pdf.

No. 34 at 3. Plaintiffs complain that Defendants did not assert immunity under Section 11. Indeed, it was Plaintiffs who asserted that Section 11 somehow shows that the UN's principal and subsidiary organs should be treated as distinct for immunity purposes, and Defendants responded that Section 11 treats principal and subsidiary organs identically and recognizes both as integral parts of the UN. *See Siman Tov*, Dkt. No. 68 at 4. In any event, Plaintiffs' arguments about Section 11 are irrelevant because subsidiary organs are entitled to immunity under Section 2 of the CPIUN.

### B.     UNRWA is a Subsidiary Organ of the United Nations

Plaintiffs "disagree" with the finding in *Siman Tov* that UNRWA is a subsidiary organ of the UN. *Siman Tov* found that UNRWA was established "by the General Assembly … pursuant to the General Assembly's powers under Article 22 of the U.N. Charter." 2025 U.S. Dist. LEXIS 194505, at *21. Plaintiffs repeat the same unsupported arguments that were rejected in *Siman Tov*.

Plaintiffs complain that *Siman Tov* only cited two General Assembly Resolutions that expressly recognize UNRWA as a subsidiary organ entitled to immunity under the CPIUN. Dkt. No. 34 at 5. To be clear, UNRWA's status as a subsidiary organ follows directly from its establishment by resolution of the General Assembly pursuant to Article 22. *See* Dkt. No. 62 at 8. Regardless, Plaintiffs mischaracterize the record. There are numerous General Assembly Resolutions that expressly confirm that UNRWA, "as a subsidiary organ of the United Nations, enjoys the benefits of the [CPIUN]." *See, e.g.*, G.A. Res. 1456 (XIV), at 8 (Dec. 9, 1959); G.A. Res. 513 (VI), ¶ 3 (Jan. 26, 1952); G.A. Res. 1018 (XI), at 6-7 (Feb. 28, 1957); G.A. Res. 1191 (XII), at 8-9 (Dec. 12, 1957); G.A. Res. 1315 (XIII), at 9 (Dec. 12, 1958); G.A. Res. 63/93, ¶ 12 (Dec. 5, 2008); G.A. Res. 78/73, ¶ 39 (Dec. 7, 2023); G.A. Res. ES-10/25, at ¶¶ 2, 10, 12, 14 (Dec. 11, 2024). That *Siman Tov* only cited two such examples in no way undermines the Court's holding particularly where the opinion also considered the extensive historical record confirming

its conclusion. *See Siman Tov,* 2025 U.S. Dist. LEXIS 194505, at *15-24; *see also Siman Tov*, Dkt. Nos. 50 at 12 and 62 at 9-12.

Plaintiffs offer nothing from the historical record to the contrary. Instead, Plaintiffs grossly mischaracterize the Senate record on ratification of the CPIUN by asserting that the State Department testified before the Senate that "additional agencies" would not be protected by the CPIUN. Dkt. No. 34 at 5. However, as Defendants have already demonstrated, this testimony concerning "additional agencies" referred specifically to "specialized agencies," which were subject to a "separate convention" that was "not before the Senate," *i.e.*, the CPISA. *Siman Tov,* Dkt. Nos. 55 at 4-5 and 68 at 4. It is undisputed that UNRWA is not a specialized agency.

Plaintiffs also reiterate their argument that the U.S. was somehow unaware that UNRWA was a subsidiary organ entitled to immunity when the Senate ratified the CPIUN. However, as Defendants have already explained, the U.S. Government sponsored and drafted several General Assembly resolutions explicitly confirming that UNRWA is entitled to immunity under the CPIUN as a subsidiary organ of the UN prior to the ratification of the CPIUN. *Siman Tov*, Dkt. No. 62 at 9-10. The U.S. Government thus clearly understood that UNRWA was part of the UN and encompassed within its immunities.[3]

Plaintiffs also repeat their mischaracterization that General Assembly Resolution 302 (IV), which established UNRWA, somehow demonstrates that UNRWA is not entitled to immunity because it does not explicitly refer to UNRWA as a subsidiary organ. However, this same argument was rejected in *Siman Tov,* 2025 U.S. Dist. LEXIS 194505, at *21. Resolution 302 (IV)

---

[3] Plaintiffs also assert that, prior to the ratification of the CPIUN, the President had the power to extend immunity to "UN affiliates" under the IOIA. Dkt. No. 34 at 6. However, Plaintiffs do not identify a single subsidiary organ that has been designated under the IOIA. That is because President Truman's designation of the UN under the IOIA in 1946 encompassed subsidiary organs.

plainly recognizes that UNRWA is entitled to immunity and admonishes nations to recognize that immunity. *See id.* This admonition was important considering that Resolution 302 (IV) was passed in 1949 when many nations had not yet acceded to the CPIUN (including the U.S.). *See id.* Moreover, the General Assembly subsequently issued numerous resolutions confirming that UNRWA is a subsidiary organ and entitled to immunity under the CPIUN. *See id.* at \*20-\*21. Thus, in view of these subsequent resolutions, Plaintiffs' interpretation makes no sense.[4] *See id.*

Plaintiffs also urge this Court to create a novel functional immunity test to determine whether subsidiary organs are entitled to immunity under the CPIUN or whether they should be treated as specialized agencies and thus outside the scope of the CPIUN. Dkt. No. 34 at 6-7. To be clear, Plaintiffs concede that UNRWA is not a specialized agency. *Id.* at 7. Their proposed functional immunity test is foreclosed by binding Second Circuit precedent holding that subsidiary organs are entitled to "absolute immunity" under the CPIUN. *See Brzak*, 597 F.3d at 112. Plaintiffs offer no support or even a cogent rationale for stripping the UN's subsidiary organs of their immunity under the CPIUN based on their alleged functions. As already demonstrated, courts have uniformly upheld the immunity of subsidiary organs with similar operational structures to UNRWA. *Siman Tov,* Dkt. No. 62 at 15, 22-24. Plaintiffs fail to distinguish any of these cases. Thus, *Siman Tov* "reject[ed] Plaintiffs' contention that UNRWA's operational structure should abrogate its absolute immunity under CPIUN." *See* 2025 U.S. Dist. LEXIS 194505, at \*24.[5]

---

[4] Plaintiffs mischaracterize an outdated chart taken from the UN website listing UNRWA within a subcategory referred to as "Other Entities." Dkt. No. 34 at 3 n. 2. As *Siman Tov* explained, "the Second Circuit has held that the officials of another subsidiary organ listed in" the same subcategory as UNRWA, "specifically, the UNHCR, are immune from suit under the CPIUN." *Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at \*19-20 (citing *Brzak,* 597 F.3d at 110). Courts have held other organizations on that chart, including UNDP, UNICEF, and WFP, to be immune under the CPIUN. *See Siman Tov*, Dkt. No. 50 at 10–11.

[5] Plaintiffs assert that the UN's initial letter to the U.S., requesting that the U.S. respect the UN's immunities, included a "proposed legal test" under which UNRWA must demonstrate that it is an "integral part" of the UN. Dkt. No 34 at 6. The letter did no such thing. It merely stated that UNRWA is an "integral part" of the UN without implying that this was some kind of "legal test."

Finally, the ICJ's recently issued *UNRWA Opinion* explicitly confirms that UNRWA is a subsidiary organ of the UN entitled to absolute immunity under the CPIUN. The ICJ is responsible for settling disputed interpretations of the CPIUN, *see* CPIUN Art. VIII, § 30, and its opinions are "accorded great weight" in understanding international law. *See Exxon Mobil Corp. v. Corp. Cimex, S.A.*, 111 F.4th 12, 27 (D.C. Cir. 2024), *cert. granted*, 222 L. Ed. 2d 1240 (U.S. 2025).

### III. There is No *Jus Cogens* Exception to CPIUN or VCDR Immunity

Plaintiffs "disagree" with *Siman Tov*'s decision to follow binding precedent and decline to craft a judicial exception to the immunities conferred by the CPIUN and VCDR for alleged violations of *jus cogens* norms. *Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at *25-*27, *36-*37.

Plaintiffs assert without any support that their proposed exception is necessary as a matter of international law. However, no such principle exists under international law. Indeed, the Supreme Court has held that, as a matter of international law, "a State is not deprived of immunity by reason of the fact that it is accused of serious violations of international human rights law." *Federal Republic of Germany v. Philipp*, 592 U.S. 169, 182 (2021). *Philipp* adopted the ICJ's holding in *Jurisdictional Immunities of the State* (*Germany v. Italy*), Judgment, 2012 I.C.J. Rep. 99, ¶¶ 82-84, 91-93 (Feb. 3), that there is no rule of international law that abrogates immunity where the defendant allegedly engaged in *jus cogens* violations and that according immunity in such cases does not conflict with *jus cogens* rules.

Creating a *jus cogens* exception would conflict with binding Second Circuit precedent holding that the CPIUN confers absolute immunity on the UN subsidiary organs, such as UNRWA. *See Brzak*, 597 F.3d at 112. It would also conflict with Second Circuit decisions that have consistently refused to create *jus cogens* exceptions to other forms of immunity. *See Matar v. Dichter*, 563 F.3d 9, 14-15 (2d Cir. 2009) (holding that there is no *jus cogens* exception to foreign

official immunity); *Rosenberg v. Pasha*, 577 F. App'x 22, 23-24 (2d Cir. 2014) (same); *Carpenter v. Republic of Chile*, 610 F.3d 776, 779 (2d Cir. 2010) (holding that there is no *jus cogens* exception to FSIA immunity); *Tachiona v. United States*, 386 F.3d 205, 220 (2d Cir. 2004) (upholding VCDR immunity despite allegations of torture); *Kling v. WHO*, 532 F. Supp. 3d 141, 153 (S.D.N.Y. 2021) (no *jus cogens* exception to IOIA immunity); *Devi v. Silva*, 861 F. Supp. 2d 135, 142 (S.D.N.Y. 2012) (no *jus cogens* exception to diplomatic immunity under the VCDR); *Devi v. Rajapaksa*, No. 11 Civ. 6634 (NRB), 2012 U.S. Dist. LEXIS 127825, at *10 (S.D.N.Y. Sep. 4, 2012) (no *jus cogens* exception to head of state immunity).

Plaintiffs argue that this Court can nevertheless recognize a *jus cogens* exception to the Individual Defendants' immunity based on *Yousuf v. Samantar*, 699 F.3d 763 (4th Cir. 2012), and *Kashef v. BNP Paribas S.A.*, 925 F.3d 53 (2d Cir. 2019). Neither is availing. In *Yousuf*, the Fourth Circuit surmised, based on its interpretation of customary international law, that the common law doctrine of foreign official immunity did not apply in cases involving *jus cogens* violations. *Yousuf* is not good law following the Supreme Court's decision in *Philipp*. It has never been good law in the Second Circuit. *See Rosenberg,* 577 F. App'x at 24 (explicitly rejecting *Yousuf*); *Matar,* 563 F.3d at 14-15 (rejecting *jus cogens* exception to common law foreign official immunity); *see also Doğan v. Barak,* 932 F.3d 888, 896 (9th Cir. 2019) (rejecting *Yousuf* in favor of *Matar*).

*Kashef* did not purport to overrule the Second Circuit's decisions in *Rosenberg* and *Matar*. It does not even mention immunity. It merely references *Yousuf* in a footnote string cite for the proposition that torture violates *jus cogens* norms. *Kashef*, 925 F.3d at 62 n.7. It is irrelevant.

Finally, Defendants Lazzarini and Grandi are entitled to immunity under the VCDR because they hold the rank of UN Under-Secretary General. *See Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at *31. The Second Circuit has upheld diplomatic immunity under the VCDR

- 9 -

despite alleged *jus cogens* violations. *See Tachiona*, 386 F.3d at 220; *see also Devi*, 861 F. Supp. 2d at 142 ("No United States court has recognized a *jus cogens* exception to diplomatic immunity from its civil jurisdiction.").[6]

## IV.    The Individual Defendants are Entitled to Immunity

Plaintiffs argue that *Siman Tov* erred in concluding that Defendants Lazzarini and Grandi are entitled to immunity under the VCDR by supposedly relying on an "unsubstantiated website" listing Lazzarini and Grandi as holding the rank of UN Under-Secretary General. Dkt. No. 34 at 10. To be sure, *Siman Tov* cited a page on the UN's website containing the UN's list of Senior Officials.[7] The decision also cites Plaintiffs' own allegations, the parties' submissions, the U.S. Government's submissions and the official correspondence from the UN to the US Government confirming that Lazzarini and Grandi hold the rank Under-Secretary General and are therefore entitled to diplomatic immunity under the VCDR. *See Siman Tov*, 2025 U.S. Dist. LEXIS 194505, at *35-36. Plaintiffs have offered nothing to rebut this record.[8]

As for the remaining Individual Defendants, Plaintiffs' arguments are entirely derivative of their baseless argument that UNRWA is not entitled to immunity under the CPIUN.

---

[6] Defendants are not alleged to have actually engaged in conduct violating *jus cogens* norms. At most, the Complaint alleges that the Individual Defendants attended UN conferences and solicited funding from UN Member States.

[7] UN Protocol and Liaison Service, *Senior Officials of the United Nations* (Sept. 10, 2025), https://www.un.org/dgacm/en/content/protocol/senior-officials.

[8] Plaintiffs assert – without citing any support – that Lazzarini and Grandi hold the "honorary rank" of Under-Secretary-General. No such honorific exists. Plaintiffs made it up.

## CONCLUSION

For the reasons stated herein and in the briefing submitted in *Siman Tov* which has been incorporated in this case, the Court should follow *Siman Tov* and dismiss this action with prejudice.

Dated: New York, New York
November 17, 2025

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By: */s/ Kevin A. Meehan*
Kevin A. Meehan
Robert Groot
Marwa Farag
101 Park Avenue
New York, New York 10178
Tel.:  (212) 696-6000
Fax:   (212) 697-1559
Email: kmeehan@curtis.com

*Attorneys for Defendants*